# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| Mary Jane Romero<br>PRO SE | ) | Case No. |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| US Department of Commerce | ) | |
| Wibur L Ross, Jr, Secretary Department of Commerce | ) | |
| (National Oceanic & Atmospheric Administration) | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | | |

*(stamp)* FILED IN CLERKS OFFICE 2020 NOV -2 AM 11:43 U.S. DISTRICT COURT DISTRICT OF MASS.

# COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Mary Jane Romero |
| Street Address | 3 Esker Place |
| City and County | East Falmouth, Barnstable County |
| State and Zip Code | MA, 02536 |
| Telephone Number | (508) 274-2673 |
| E-mail Address | RomeroMary1968@aol.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Wilbur L. Ross, Jr. |
| Job or Title *(if known)* | Secretary, Department of Commerce |
| Street Address | 1401 Constitution Ave NW |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC  20230 |
| Telephone Number | (202) 482-2000 (Main Phone Line) |
| E-mail Address *(if known)* | Unknown |

**Defendant No. 2**

| | |
|---|---|
| Name | None |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | None |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | None |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

[ ] Federal question          [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

NOT APPLICABLE

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  Mary Jane Romero                     , is a citizen of the State of *(name)*  Massachusetts                     .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*  N/A                     , is incorporated under the laws of the State of *(name)*                     ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*  N/A                     , is a citizen of the State of *(name)*                     . Or is a citizen of

*(foreign nation)*                     .

    b.    If the defendant is a corporation

        The defendant, *(name)*  Wilbur L. Ross, Jr. , Secretary DOC   , is incorporated under the laws of the State of *(name)*  Washington, DC   , and has its principal place of business in the State of *(name)*  Washington, DC  .

        Or is incorporated under the laws of *(foreign nation)*  N/A  ,

        and has its principal place of business in *(name)*  N/A  .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

        $5,518,000

        Discrimination (Disability), Discrimination (Age), Constructive Termination, Retaliation, Intimidation, and Harassment for filing EEOC Complaint, Threating Statements, Violation of Privacy Act, Denial of Reasonable Accommodations, Slander and Libel, Pretextual actions and statements, Perjury in testimony for EEOC Investigation, Reimbursement of Attorney Fees

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On August 6, 2020, I received notice from the US Equal Employment Opportunity Commission (EEOC) that I have the right to file a civil action within ninety (90) calendar days from the date of receipt of decision.

PLEASE SEE CONTINUATION SHEET FOR CLAIMS

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLEASE SEE CONTINUATION SHEET

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              10/26/2020

Signature of Plaintiff              _____

Printed Name of Plaintiff          Mary Jane Romero

### B.   For Attorneys

Date of signing:              _____

Signature of Attorney          N/A

Printed Name of Attorney     _____

Bar Number                     _____

Name of Law Firm               _____

Street Address                 _____

State and Zip Code             _____

Telephone Number               _____

E-mail Address                 _____

# CONTINUATION SHEET
## to Complain for a Civil Case

Case No: _____

|  |  |
|---|---|
| | US Department of Commerce |
| | Wilbur L. Ross, Secretary of Commerce |
| Mary Jane Romero          - v - | National Oceanic & Atmospheric |
| (Plaintiff) | Administration |
| | (Defendant) |

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**LOCATION** of all claims occurred at my place of employment:

NOAA (National Oceanic & Atmospheric Administration)

25 Bernard St. Jean Drive

East Falmouth, MA  02536

## 1) Discrimination (Disability)

My direct supervisor, Ms. Amy Martins, sent an email in January 2013 to several managers and staff stating that I was a danger to the government. She justified this statement on the basis of only my disability (BiPolar II) with is protected under the Americans with Disabilities Act (ADA). I did not exhibit any specific negative behavior, actions, or lack of performance in my duties at any time in my career to support her characterization. Rather, she made this statement based off her own prejudice towards mental illness.

## 2) Discrimination (Age)

From May 2008 through April 2014, Ms. Martins disapproved all my requests for training, which would have improved my qualifications for promotions to higher positions. This extended to all staff 40 and above. However, she was more than generous granting training to staff in their 20's and 30's.

Case No: _____

**3) Constructive Termination**

In the above referenced email sent in January 2013 it was stated that "we can have her retire". I was only 44 at the time, and did not plan on retirement until the age of 65. From January 2013 until my forced retirement, Ms. Martins continued to threaten termination, denied all reasonable accommodations requested, and created such a hostile work environment that would make any reasonable person refuse to accept. In the end, Ms. Martin's was successfully in her determination to remove me from my Federal Career without just cause and against my wishes.

**4) Retaliation for filing EEOC Complaint**

The initial EEOC Mediation was conducted in June 2014. This was the first time Ms. Martins was aware that I knew of her discriminatory and damaging email. The day after, she placed me on AWOL (Absent without Leave) status which she had already approved as LWOP (Leave without Pay). I received no notice of this unjustified change until two months later where I received a certified letter stating that because of my AWOL status disciplinary actions were to be taken including the threat of termination of employment. During my medical leave, she demoted my position by removing key and significant duties. My annual performance scores, which had for 12 years been above 97 with a $3,000 bonus, dropped to a low 84 with no bonus. These are but a few examples.

**5) Intimidation and Harassment for filing EEOC Complaint**

Ms. Martins continued to send threats of termination of employment since January 2013. She was always very harsh and abusive in her tone with me both verbally and in email. Ms. Martins disciplined me for sick leave used for doctor appointments, which is illegal. Yet, was very liberal with all other staff members leave and flexible work schedules. Ms. Martin also pressured me to make illegal purchases on my government purchase card, to hire her friends, to avoid going through proper procedures where the job would be placed out for bid. I refused. Ms. Martins reprimanded me verbally. These are but a few examples.

**6) Threating Statements and Actions**

In January 2013, Ms. Martins stated directly to me (with a smile) "I could recommend jail time for you", for my first minor violation. This was outrageous and false. I knew without doubt that I did not commit criminal action. However, the very fact she show this level of aggression and distain for me made returning to work each day a battle as she targeted me constantly with verbal assaults and insults. Ms. Martins continued to verbally reprimand me, however, never followed through in writing or formal action as all her threats were unjustified and without merit.

Case No: _____

## 7) **Violation of Privacy Act (Medical Records)**

It came to my knowledge in January 2013 that Ms. Martins sent out several emails with detailed information regarding my diagnosis and medical information without authorization. She also verbally spoke about it with many staff members where it became common knowledge not only at the workplace but throughout the community. However, I suspect there may have been emails or direct communications prior to January 2013 that violated the privacy act.

## 8) **Reasonable Accommodations Denial**

Ms. Martins responded to my request for reasonable accommodations in such a way as to appear that she approved most, however, she made drastic and significant changes, or place additional conditions to the accommodation which rendered in ineffective, negating out any usefulness or benefits that should have been received for me to perform my duties.

## 9) **Slander and Libel**

I first found written evidence of libel in January 2013. However, I heard from others that Ms. Martins began making false and malicious statements about me as early as March 2012. The event that triggered this was when I went to my second line supervisor on her failure to address the administrative aspects of the mission. It was after five written requests and three meetings with Ms. Martins that it became clear that she was not going to address these issues as manager. In fact, Ms. Martin's at the end of the last discussion I had with her snapped harshly at me at said she was too busy. I met with my second line supervisor with a very constructive plan on how to go forward to ensure the administrative side of the mission did not fail, all of which were approved. Ms. Martins was furious with me for going above her head.

Ms. Martin's malicious slander and libel continues to this day. Ms. Martins, without evidence, campaigns strongly to spread false rumors, such as me being a danger to the government, attempting to break into the payroll system, and accessing the building without authorization. She made countless statements or sent emails declaring that my performance was inadequate and I was incapable in my duties. These written and verbal assaults became more aggressive as she campaigned to ruin my impeccable reputation I was held.

Ms. Martin's malicious slander and malice was not contained to the workplace. It spread throughout the community. Cape Cod is a very small town, and everyone knows everyone. When I applied for jobs, I never was called for an interview. I always run into former co-workers who were friends at stores or in the general community. They quickly turn down another isle, pretend not to see me, or do not return my greeting. All contact was broken by

Case No: _____

friends I had at the agency directly due to Ms. Martin's actions.

## 10) Pretextual actions and statements

Immediately upon my initiation of a EEOC Claim, Ms. Martins made numerous pretextual statements in her statement to the EEOC Investigator. For instance, she would state that I did not follow a policy. Yet, in truth just days before established or changed a policy, notified all staff except for me, and then attempted to discipline me or terminate my employment for failure to comply. In her testimony, she made statements that were false and contradictory to actual events in order to appear that she was following regulations and laws.

## 11) Perjury for false testimony made to EEOC Investigator

Federal Employees are mandated to provide truthful testimony under oath, when question by an EEOC Investigator. Ms. Martins, along with many other individuals, made false statements or misleading answers so as to change what actually took place. It was obvious that Ms. Martins, as well as others, were coached by an attorney.

## *12)* Reimbursement of Attorney Fees
I incurred $48,000 in attorney fees.

*NOTE: As instructed, I attempted as best I could to keep the statements brief and concise. However, it should be noted that every violation listed does not include all specific illegal actions made by Ms. Martins. All egregious and illegal actions of Ms. Martin will be reported with evidence to the Court and Defendant when instructed.*

Case No: _____

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*NOTE: The amounts I have provided below are based off my own research.  I will be retaining an attorney, and the below amounts may change based off their recommendations.*

### 1) Discrimination (Disability)

Actual Damages:                    $ 52,000

Loss of Salary for unpaid leave.  I was cleared to return to work, with the reasonable accommodations in place. However Ms. Martins prevented me from returning to duty.

Punitive Damages:                 $ 500,000

Ms. Martin's email where she states that I was a danger to the government because of my disability (BiPolar II) was devastating.  It triggered a major depression for which I needed to be hospitalized the same day I discovered it.  My disability is protected under the American's with Disability Act (ADA).  Ms. Martin's continued campaign to classify me as a dangerous person not only destroyed my stellar and impeccable reputation I always held, but it extended to damage my private life as well.  Cape Cod is small town, and everyone knows everyone.  I find to this day former friends avoid me at stores, close friendships have been severed, and I have not been able to find employment as the community as these rumors precede me. I am very isolated in life.  Every day I have fear and anxiety when I leave the house as it is almost certain that I will see a former coworker as their reactions, such as dodging to avoid me or ignoring my friendly smile or greeting, is a very painful experience.  As a result of Ms. Martin's actions, I did not recovery easily from my depression.  In fact, it continued to worsen and last for over a year.  The added stress caused by Ms. Martins was not only detrimental to my health, it was the key reason I was not recovering from my depression. The punitive damage amount is appropriate to how her actions affected my health, suffering, destruction of friendship, ruin on my reputation, and fear to go out in public.  It also is appropriate to ensure Ms. Martins and management recognize the seriousness of illegal discrimination and the amount should be punitive to deter future discrimination against employees.

### 2) Discrimination (Age)

Actual Damages:                    $ 200,000

If I had received the training, I would of received if allowed to become eligible with additional training for promotion to a higher grade.  The above amount reflects a modest

**Page 5 of 11**

Case No: _____

estimate of loss of salary that I could have received with a promotion.

Punitive Damages:                    $200,000

This amount is appropriate for the denial of training and advancement not only for me, but
for all other staff members over 40 where Ms. Martins did not encourage or approved
training to advance in their careers.  The punitive damage requested is appropriate to ensure
that Ms. Martins is forced to put her personal prejudices aside, and provide opportunities and
training for career advancement of all staff regardless of their age.

## 3) Constructive Termination:

Actual Damages:                    $ 600,000

As a result of constructive termination, I was forced to retire 21 years earlier that I had
planned.  The above number is represented by my annual salary for 20 years, TSP (our
retirement plan) matching funds and growth, yearly average of Cost of Living Adjustments
(COLA), and calculation of my Federal Pension which increases significantly with more
years.  Additionally, I lost my Health Insurance and had to pay the full price ($9K per year
estimated) without the Agency's contribution for three years.

Punitive Damages:                    $ 500,000

Ms. Martins and Ms. Gabriel stated their clear intention of constructive termination in their
email in January 2013 by having me retire early.  I wished to continue working. Ms. Martins
continued to use many different tactics and attempts to terminate my employment until she
successfully forced me into early retirement in April 2014.  Her attempts and actions were
exceedingly illegal, and she was allowed to continue her attempts with the support of
management. She falsified information and made false statements to our Human Resource
Department as well as upper management, falsified records, and fabricated events. She
destroyed my career of 24 years of service, in which I was regarded a valuable employee
who held a stellar performance history with over 100 awards. I had great pride and
fulfillment.  The emotionally scarring and disbelief that this happened is beyond
comprehension.  I still to this day cannot understand why Ms. Martin's was allowed to
conduct herself this was as a Federal Manager. Her actions were severe and illegal, yet she
was allowed to continue her campaign to terminate my employment without any caution.
Destroying a career such as mine is a very serious violation of law and beyond
comprehension to express the painful and emotional damage it does knowing that it was
allowed to happen is impossible to communicate. I miss my employment dearly as I took
great pride in both my work but also working for the federal government. The punitive
damages should represent the seriousness and intensity of pain and suffering, the extreme
illegal activities Ms. Martins went to, and the lies and falsehoods she told to succeed should
be unacceptable and the monetary punitive award should be very generous to make some
attempt at reparation as well as to ensure this behavior is not acceptable at all in the future of
the agency..  Also, her actions directly cause my depression which lasted over a year. I had

Case No: _____

frequent panic/anxiety attacks.  I found that I could not recover, even though I had the help of my doctors, due to the stress from her actions.  Also, the amount requested for punitive damages is appropriate to ensure that Ms. Martins and management will never illegally attempt constructive termination in the future.

## 4) **Retaliation for filing EEOC Complaint**

Actual Damages:                          No direct loss of income.
                                         Additional attorney costs incurred are requested
                                         below.

Punitive Damages:                        $250,000

From January 2013 until my force retirement April 2014, Ms. Martins continuously did retaliatory actions.  Minor ones I did not include in the EEOC Complaint, however, the serious ones were constant and unjustified.  Additionally, Ms. Martins began retaliating against another employee, who is a dear friend of mine and the only person who keeps in contact.  Ms. Martins is aware of our close friendship.  My friend called me in tears as Ms. Martins was really beginning to scrutinize her work and she was receiving negative statements several times a day.  My friend begged me not to put her name on any legal documents as she was fearful of losing her job, home, retirement, etc.   The punitive damages requested is representative of both the severity and constant attacks and hopefully will deter future retaliatory acts.

## 5) **Intimidation and Harassment for filing EEOC Complaint**

Actual Damages:                          No direct loss of income.
                                         Additional attorney costs incurred are requested
                                         below.

Punitive Damages:                        $250,000.00

Ms. Martin not only intimidated and harassed me constantly with various reasons, she extended this to all staff members.  Her actions are not only illegal but unacceptable.  It caused me severe emotional stress, exasperating and triggering severe panic/anxiety attacks, and prolonging my depression. The amount requested for punitive damages is reflected of the severity of her actions which were unlawful and directly worsened my depression and made recovery unattainable.  Also, this amount will hopefully deter any future acts of retaliation and e and harass individuals because they filed with the EEOC and to deter this type of action by Ms. Martins for all areas of her management style.

## 6) **Threating Statements**

Actual Damages:                          No direct loss of income.
                                         Additional attorney costs incurred are requested
                                         below.

Case No: _____

Punitive Damages:              $ 250,000

Ms. Martin's made very scary threats to me, as stated before, especially the threat of her recommending that I serve prison time. I researched the regulations, and her statement was not supported by any regulations. Also, she does not have the authority to "arrest" people, but that is how she implied it. That she had the power to send me to prison. I cannot communicate or express strongly enough the fear I felt when she made this comment. I knew from that moment on the hatred she had for me. Ms. Martin's threats resulted in worsening of my depression, constant fear, and constant panic/anxiety. I suffered greatly. This amount is also appropriate to deter Ms. Martin and management to make threating statements in the future.

7) **Violation of Privacy Act (Medical Records)**

   Actual Damages:                     No direct loss of income.
                                       Additional attorney costs incurred are requested
                                       below.

   Punitive Damages:              $ 500,000

Ms. Martins failed to protect my medical information. She sent via several emails my medical information, which is a serious violation of the Privacy Act. Ms. Martin testified in the EEOC Report that she had my written authorization to release this information. However, she has failed to provide this document. The reason is that it does not exist as I never would have allowed it. Knowing that my medical information is still unprotected in emails is very concerning. It has caused me emotional stress to this day, and I have already felt the repercussions of Ms. Martin's actions. The amount for punitive damages is also appropriate to deter Ms. Martins and management from being negligent with protected information.

8) **Reasonable Accommodations Denial**

   Actual Damages:              $  20,000

Loss of income due to Ms. Martin's significant delay in responding to my reasonable accommodation request. Per regulations, the supervisor is required to respond with 20 calendar days. Ms. Martins did not respond for 120 days on the original request. I filed an appeal, which again had a 20 day deadline. Ms. Martins did not respond for 93 days.

   Punitive Damages:              $ 500,000

Denial of my reasonable accommodations, which were very easy to implement with very little cost, made it impossible for me to return to duty. In the past, my verbal requests were always approved. In fact, almost all of my reasonable accommodations requested for Ms. Martin's approval were the same accommodations I received in the past. This was a victory